Chad S. Pehrson (12622)
KB & A
50 W. Broadway, 10th Floor
Salt Lake City, UT 84101
Telephone: (801) 994-4646
Fax: (801) 758-7436
cpehrson@kba.law

*Attorneys for Creditor APG Financial*

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re: | Bankruptcy No. 25-20169 |
|---|---|
| JOSE LUIS CASTANEDA, JR. | Chapter 13 |
| Debtor. | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

APG Financial objects to confirmation of the Chapter 13 Plan (the "**Plan**"), stating as follows:

1.      Debtors as lessees and APG as lessor, entered into a Motor Vehicle Lease Agreement (the "Lease").

2.      The Lease requires, among other things, that the Debtor make periodic payments.

3.      The Lease is in default for, without limitation, failing to make the payments required by the Lease.

4.      Debtor's Plan apparently claims that the Vehicle is the subject of a security agreement rather than a lease, without any reasonable explanation for the status of ownership of

1

the Vehicle or the presumed amount owed under a putative security agreement.  As even a cursory review of the Lease shows, the Lease is a true lease.

5.      The Lease is past due.  The Plan also does not present any for the significant arrearage owed on the Lease.  Debtor has also failed to make adequate protection payments.

6.      The Lease contains clear and unambiguous statements setting forth its status as a true lease, and otherwise complies with all indicia of being a true lease.  For instance:

- The Vehicle Title is in the name of APG Financial, Inc., which is the formal assignee of the lease at issue in this case, and an affiliated entity with Markosian Auto.

- The Lease Agreement is entitled "Motor Vehicle Lease Agreement."  [Lease Agmt., p. 1.]

- The Lease Agreement states: "This lease is a 'true lease'—namely a rental agreement placing no obligation on the lessee to purchase the Vehicle at the end of the agreement.

- The Lease Agreement states: "We own this vehicle.  You are leasing the vehicle from us for a limited term."  [Lease Agmt., p. 2.]

- The Lease Agreement further states: "If you breach this Lease .........We may terminate this Lease and your rights to use the Vehicle ...... We may take back the Vehicle by legal process or self-help, but in doing so, we may not breach the peace or violate the law." [Lease Agmt., p. 2.]

- The Lease Agreement further states: "You understand and agree that this Lease is a lease only. We own the Vehicle, and it will be titled in our name or in the name of our assignee. You have no ownership interests in the Vehicle except for any future options to purchase provided in this Lease." [Lease Agmt., p. 4.]

- The four-page Lease Agreement contains the word "Lease" 107 times. [Lease Agmt.,

pp. 1-4.]

- The Lease Agreement contains an option to purchase at the end of the lease, in addition to taxes, tags, license and registration. [Lease Agmt., p. 1-4.]

- The term of the Lease Agreement is for 3 years. [Lease Agmt., p. 1.]

- The lessee is not bound to renew the lease or become owner of the Vehicle. [See Lease Agmt., pp. 1-4.]

- The lessee does not have the option to renew the lease for the remaining economic life of the goods. [See Lease Agmt., pp. 1-4.]

- The Lease Agreement has an option to purchase at the end of the lease. The option to purchase requires additional, non-nominal consideration. [Lease, p. 1.]

7.      On multiple occasions, the Bankruptcy Judges within this District have held identical lease documents to present a "true lease."

8.      The Plan fails to state whether Debtor intends to assume or reject. Furthermore, under § 362(h)(1), the debtor is required to timely file statement of intentions with respect to property subject to an unexpired lease. The time period set by Section 521(a)(2) is within 30 days of the filing of the petition. No such statement of intention has been filed. As such, APG's position is that the stay has lifted with respect to the leased Vehicle.

9.      Additionally, Debtor is required to accurately disclose all assets, liabilities, income, and expenses in order to have a bankruptcy case confirmed. If a debtor fails to accurately characterize lease obligations in his plan, the bankruptcy may be dismissed for lack of good faith or for failure to comply with the requirements of the Code.

10.      Here, the improper characterization of the Lease causes further delay in APG's ability to protect its interests and the Vehicle that it owns. Debtor is required to: 1) accurately present information and schedules; 2) timely elect to assume or reject the Lease; and 3) make adequate

protection payments.  Yet Debtor has done none of these things.

          11.       The Bankruptcy Court for the Northern District of Illinois helpfully explained:

> In a Chapter 13 case, it is imperative that a debtor's Schedules I and J be reasonably accurate. The court, the trustee and the creditors must evaluate a debtor's ability to both propose and effectuate a confirmable plan based on the truthfulness and accuracy of the disclosures made in these documents. Under 11 U.S.C. § 521, a debtor is required, among other duties, to file schedules of assets and liabilities. The obligation is strict and the law requires such schedules to be as reasonably complete and accurate as possible. A paramount duty of the debtor is the duty to file a list of creditors, schedules of assets, liabilities, income and expenditures, and a statement of financial affairs. *See In re Park*, 246 B.R. 837, 842 (Bankr.E.D.Tex. 2000). Failure to comply with § 521(1) can preclude confirmation of a Chapter 13 plan under the good faith standard of § 1325(a). *In re Green*, 141 B.R. 440, 442 (Bankr.M.D.Fla. 1992).

*In re McNichols*, 254 B.R. 422, 432 (Bankr. N.D. Ill. 2000)


       DATED February 24, 2025


                           KB&A


                       By:    /s/ Chad S. Pehrson
                            Chad S. Pehrson

                            *Attorney for APG*